UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA T. CLOUD,<br><br>Plaintiff<br><br>vs.<br><br>MEGAN J. BRENAN, POSTMASTER<br>GENERAL OF THE UNITED STATES<br>POSTAL SERVICE, DOES 1-10.<br><br>Defendants. | Case No. 19-cv-04638 TSH (LJC)<br><br>**ORDER SCHEDULING SETTLEMENT<br>CONFERENCE BY ZOOM VIDEO<br>CONFERENCE AND REQUIRING<br>CERTAIN PREPARATION FOR THE<br>SETTLEMENT CONFERENCE** |

TO ALL PARTIES AND COUNSEL OF RECORD:

This case has been referred for Settlement Conference before Magistrate Judge Lisa J. Cisneros.

The settlement conference is scheduled for **October 21, 2022 at 10:00 a.m., by Zoom Video Conference.**

**ZOOM INSTRUCTIONS**: The Court will send out a Zoom Invitation to join the conference the day before the hearing. **Counsel shall provide all necessary email addresses in the Settlement Conference Statement (see below)**. The Court cannot send the Zoom Invitation to join the conference without email addresses. Any questions or problems shall be directed to the Courtroom Deputy by email: Brittany_Sims@cand.uscourts.gov.

The foregoing sets forth three requirements related to preparation for the Settlement Conference: a meet and confer by the parties, the exchange between the parties and submission to the Court of Settlement Conference Statements by each party, and the submission to the Court of a Confidential Settlement Letter by each party. In addition, this Order addresses other details related to participation in the Settlement Conference and any necessary rescheduling.

**A.** **Meet and Confer Requirement.**

No later than **October 14, 2022, and prior to the preparation of their exchanged Settlement Conference Statements and the Confidential Settlement Letters for the Court**, counsel for the parties must meet and confer (in person, by phone or by Zoom) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive. During the meet and confer, counsel may address any subjects they feel are appropriate, but they **must** discuss the following:

1. Who will attend the conference on behalf of each party, including counsel and identification of the person(s) with full authority to decide whether any settlement offer is made, accepted, or rejected (e.g., either the party or another person(s) if full authority does not rest with the party).

2. Which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

3. Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; and if insurance is available, the name and position held by each claims representative who will be attending the settlement conference.

4. Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened.

5. Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

6. Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the conference.

**B.** **Settlement Conference Statement Requirement.**

No later than **October 17, 2022 at 5 pm**, counsel for each party shall email a pdf version

2

of their Settlement Conference Statement to **LJCSettlement@cand.uscourts.gov**. Counsel **shall serve** a copy of the Settlement Conference Statement on all parties. Counsel are **strongly encouraged** prior to the settlement conference to share with their clients the contents of the Settlement Conference Statement(s) received from opposing counsel.

The Settlement Conference Statement **shall not exceed** ten pages of text. Parties are encouraged to include as exhibits any key documents and deposition excerpts. The exhibits to the Settlement Conference Statement **shall not exceed** twenty pages. The Settlement Conference Statement **shall include** the following:

1. A brief statement of the facts of the case.

2. A brief statement of the claims and defenses including, but not limited to, the statutory or other grounds upon which the claims or defenses are founded.

3. A description of the key factual and legal issues that are in dispute and a plain and concise statement of the specific evidence relevant to their determination. Portions of any exhibits relied upon by the parties shall be referenced and highlighted.

4. A summary of the proceedings to date and any pending motions.

5. The relief sought, the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands.

6. A list of the names, titles, positions, and email addresses of all persons who will be attending the conference on behalf of each party. Counsel, for their respective party, shall provide **email addresses of counsel, clients or representatives** who will attend the conference so they may receive a Zoom Invitation from the Court.

7. Where the party is a governmental entity, a description of which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of that approval process.

1

**C.**          **Confidential Settlement Letter Requirement.**

2          No later than **October 17, 2022 at 5 pm**, each counsel **shall email** a pdf version of their

3 Confidential Settlement Letter to **LJCSettlement@cand.uscourts.gov**. The Confidential

4 Settlement Letter **shall not be served** upon other parties. The Confidential Settlement Letter shall

5 not exceed five pages of text and **shall include** the following:

6          1. Separately for each principal claim and defense, a forthright evaluation of the

7               strengths and weaknesses and likelihood that the party submitting the Confidential

8               Settlement Letter will prevail. Citations to any key legal authorities relied upon by

9               the parties as part of this evaluation shall be provided.

10          2. An estimate of the out-of-pocket expenses, attorneys' fees, and time: (a) **spent to**

11               **date** and (b) **to be expended** for further discovery, pretrial, and trial. If plaintiff

12               seeks attorneys' fees and costs, plaintiff's counsel shall be prepared at the

13               conference to provide sufficient information to enable the fee claim to be evaluated

14               for purposes of settlement.

15          3. A history of past settlement discussions (without revealing communications whose

16               disclosure to a settlement judge is prohibited), a description of the principal

17               impediments (factual, legal, or other) to reaching agreement, and the reason the

18               parties' assessments of the settlement value of the case differ.

19          4. A realistic settlement figure or terms (including any non-monetary terms) that,

20               given all the circumstances, the party submitting the Confidential Settlement Letter

21               would consider seriously.

22          5. Where the party is insured or is a governmental entity, any foreseeable barriers to

23               insurance coverage or approval of a proposed settlement, or special concerns that

24               the insurer or governmental entity might want addressed.

25          6. A brief discussion of any of the subjects identified in Section A of this Order that

26               might be significant in the settlement dynamic.

27

28

United States District Court
Northern District of California

4

1

2

**D.          Participants**

3          Lead trial counsel must attend the settlement conference with the parties and the persons having full authority to negotiate and settle the case by Zoom Video Conference.

4          **1.          Corporation or Other Non-Government Entity**

5          A party other than a natural person (such as a corporation or association) satisfies the

6 attendance requirement if represented by a person (other than outside counsel) who is

7 knowledgeable about the case and who has final authority to settle up to the full amount of the

8 opposing party's existing settlement demand or offer. If the authority to settle is vested in a

9 governing board, claims committee, or equivalent body and cannot be delegated, a party must

10 comply with the requirements of Northern District of California ADR Local Rule 7-4(a) and must

11 designate a person with authority to participate in the settlement conference and, if a tentative

12 settlement agreement is reached, to recommend the agreement to the approving body for its

13 approval.

14          **2.          Government Entity**

15          A party that is a government entity satisfies the attendance requirement if represented by a

16 person (in addition to counsel of record) who (a) has, to the greatest extent feasible, authority to

17 settle, (b) is knowledgeable about the facts of the case, the government entity's position, and the

18 positions and policies under which the government entity decides whether to accept proposed

19 settlements, and (c) has the authority, if a tentative settlement agreement is reached, to recommend

20 the agreement to the government entity for its approval. *See* N.D. Cal. ADR L. R. 7-4(b). If the

21 action is brought by the government on behalf of one or more individuals, at least one such

22 individual also must attend. *See id.*

23          **3.          Insured Party**

24          An insured party must appear by Zoom Video Conference, with a representative of the

25 carrier with full authority to negotiate up to the limits of coverage.  A person who needs to call

26 another person, not present, before agreeing to any settlement does not have full authority.

27

28                                                            5

United States District Court
Northern District of California

**E.        Settlement Conference**

Settlement conferences regularly last three or more hours. The parties should be prepared to discuss such issues as: (1) their settlement objectives; (2) any impediments to settlement they perceive; (3) whether they have enough information to discuss settlement and, if not, what additional information is needed; and (4) the possibility of a creative resolution of the dispute. Statements made during the conference are confidential and will not be admissible at trial if the case does not settle.

**F.        Continuances**

To reschedule a settlement conference, counsel shall contact the Courtroom Deputy Brittany Sims at Brittany_Sims@cand.uscourts.gov, preferably at least seven days before the conference but as far in advance as possible to obtain a new date.

Any request to continue the settlement conference shall state the reason therefor and be submitted in writing as soon as possible after consultation with the opposing party, but well in advance of the scheduled conference date. The request must demonstrate **a compelling reason for a continuance and shall state whether it is joined or opposed by the other party(ies)**. The parties are advised that the original settlement conference date will remain on calendar unless they receive an order from the Court.

**G.        Additional Requirements**

The parties shall notify chambers immediately at (415) 522-4020 if the case settles prior to the date of the settlement conference. Counsel must provide a copy of this order to all participating parties. Counsel must review Northern District of California ADR Local Rule 7, available at **http://www.adr.cand.uscourts.gov**.

**IT IS SO ORDERED.**

Dated: 10/11/2022

_____
LISA J. CISNEROS
United States Magistrate Judge

6